UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re:                                   §
                                         §
SCOTT, JULIE K                           §     Case No. 08-19442 ERW
                                         §
                                         §
        Debtor(s)                        §

NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION
AND DEADLINE TO OBJECT (NFR)

   Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that RONALD R. PETERSON, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

   The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:
   CLERK OF THE U.S. BANKRUPTCY COURT
   KENNETH S. GARDNER
   219 S. Dearborn St.
   Chicago, IL 60604

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 20 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 10:00 AM on 08/17/2011 in Courtroom 744,
   UNITED STATES BANKRUPTCY COURT
   219 S. Dearborn St.
   Chicago, IL  60604
If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: 07/15/2011                  By: UNITED STATES BANKRUPTCY
                                             COURT
                                                          Clerk

*RONALD R. PETERSON*
*JENNER & BLOCK LLP*
*353 N. CLARK STREET*
*CHICAGO, IL 60654-3456*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## CHICAGO DIVISION

In re:  §
  §
SCOTT, JULIE K  §   Case No. 08-19442 ERW
  §
Debtor(s)  §

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

The Final Report shows receipts of $

and approved disbursements of $

leaving a balance on hand of[1] $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: RONALD R. PETERSON | $ | $ | $ |
| Trustee Expenses: RONALD R. PETERSON | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses  $_____

Remaining Balance  $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (10/1/2010) *(Page: 2)*

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $        must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $          have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be         percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Discover Bank/DFS Services LLC<br>PO Box 3025<br>New Albany OH 43054-3025 | $ | $ | $ |
| 000002 | Pronger Smith Medical Care<br>PO Box 789<br>Tinley Park, IL 60477 | $ | $ | $ |
| 000003 | Midwest Physical Therapy<br>500 Park Blvd<br>LL80C<br>Itasca, IL 60143 | $ | $ | $ |
| 000004 | CHASE BANK USA, NA<br>PO BOX 15145<br>WILMINGTON, DE 19850-5145 | $ | $ | $ |
| 000005 | Chase Bank USA,N.A.<br>Creditors Bankruptcy Service<br>P O Box 740933<br>Dallas, TX 75374 | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000006 | CAPITAL ONE BANK (USA), N.A. C/O TSYS DEBT MANAGEMENT (TDM) PO BOX 5155 NORCROSS, GA 30091 | $ | $ | $ |
| 000007 | Asset Acceptance LLC/Assignee Citibank PO Box 2036 Warren MI 48090 | $ | $ | $ |
| 000008 | LVNV Funding LLC Resurgent Capital Services PO Box 10587 Greenville, SC 29603-0587 | $ | $ | $ |
| 000009 | LVNV Funding LLC Resurgent Capital Services PO Box 10587 Greenville, SC 29603-0587 | $ | $ | $ |
| 000010 | LVNV Funding LLC Resurgent Capital Services PO Box 10587 Greenville, SC 29603-0587 | $ | $ | $ |
| 000011 | LVNV Funding LLC Resurgent Capital Services PO Box 10587 Greenville, SC 29603-0587 | $ | $ | $ |

Total to be paid to timely general unsecured creditors　$_____

Remaining Balance　$_____

Tardily filed claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be _____ percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be _____ percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

Prepared By: /s/Ronald R. Peterson
Trustee

RONALD R. PETERSON
JENNER & BLOCK LLP
353 N. CLARK STREET
CHICAGO, IL 60654-3456

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.